IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS VAN SUMEREN, as Executor of the Estate of Mary Van Sumeren, <br><br>  Plaintiff, <br><br>  v. <br><br> ALCOA INC.; THE EMPLOYEES' GROUP BENEFIT PLAN OF ALCOA INC., PLAN I AND II; and HIGHMARK BLUE CROSS BLUE SHIELD, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   No. |

## **COMPLAINT**

1. This action, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, arises from the defendants' denial of a claim for air-ambulance benefits, and their related refusal to submit that claim for an independent external review. Both actions violate ERISA and the defendants' plan documents.

2. In 2015, Mary Van Sumeren was admitted to the Brigham and Women's Hospital in Boston, Massachusetts to receive treatment for metastatic leiomyosarcoma, a form of cancer. Mary underwent multiple surgeries at Brigham and Women's Hospital.

3. To obtain services her doctor determined were necessary, Mary was then admitted to the HealthSouth Rehabilitation Hospital in Pennsylvania. In her condition, she could not fly commercially or make the long drive from Massachusetts to Pennsylvania. Instead, an air-ambulance company transported her to HealthSouth, and submitted a timely claim for benefits.

1

4. Acting on behalf of the Employees' Group Benefit Plan of Alcoa Inc., Plan I & II, (the "Plan"), Highmark Blue Cross Blue Shield ("Highmark") denied the claim. The air-ambulance company submitted multiple appeals on Mary's behalf, which Highmark denied.

5. The air-ambulance company then submitted a request for external review, again on Mary's behalf.

6. Although both ERISA and the terms of the Plan require Highmark to submit Mary's claim for external review, it did not do so.

7. Thomas Van Sumeren, as Executor of the Estate of Mary Van Sumeren, brings this suit under 29 U.S.C. § 1132(a)(1)(B), seeking benefits under the terms of the Plan, or, in the alternative, seeking to enforce Mary's right to external review, as well as attorney's fees and costs.

## JURISDICTION AND VENUE

8. Jurisdiction of the court is based upon ERISA, 29 U.S.C. §§ 1132(e)(1), (f). Additionally, this action may be brought under 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

9. ERISA provides a mechanism for internally appealing benefit denials. Those avenues of appeal have been exhausted. 29 U.S.C. § 1133.

10. Venue is proper in the Western District of Pennsylvania, where Alcoa Inc.'s ("Alcoa") headquarters are located and where Mary was transported and underwent rehabilitation. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## PARTIES

11. Defendant Alcoa Inc. is a corporation with its principal place of business in this District at 201 Isabella St., Suite 500, Pittsburgh, PA 15212. Alcoa sponsors and serves as the Plan Administrator of the Plan.

12. Defendant Employees' Group Benefits Plan of Alcoa Inc. Plan I and II are ERISA welfare benefits plans that are sponsored by Alcoa.

13. Defendant Highmark Blue Cross Blue Shield is the Claims Administrator for the Plan and has its principal place of business in this District at Fifth Avenue Place, 120 Fifth Ave., Pittsburgh, PA  15222.

14. Plaintiff Thomas Van Sumeren is the Executor of the Estate of Mary Van Sumeren. He resides in this District in Cranberry Township, Butler County, Pennsylvania.

## STATEMENT OF FACTS

15. In 2015, Mary Van Sumeren was admitted to the Brigham and Women's Hospital in Boston, Massachusetts to receive treatment for metastatic leiomyosarcoma, a form of cancer. Mary underwent multiple surgeries at Brigham and Women's Hospital.

16. Following those procedures, her doctor at Brigham and Women's Hospital determined that Mary should transfer to HealthSouth Rehabilitation Hospital in Pennsylvania for continued treatment and rehabilitation.

17. Acting on behalf of the Plan, Highmark refused to preauthorize the transportation and then denied the related claim, arguing that Brigham and Women's Hospital had adequate resources to treat Mary.

18. But Mary's doctor at Brigham and Women's determined that a transfer was necessary.  Highmark did not address, much less rebut, that determination.

19. After a timely appeal, Highmark abandoned its initial rationale in favor of a new argument. According to Highmark, Mary's transportation was not a hospital-to-hospital transfer (which Highmark concedes are covered under the Plan) but rather a hospital-to-airport-to-hospital transfer (which Highmark contends are not covered under the Plan).

20. That argument renders coverage for air-ambulance transportation meaningless. Fixed-wing air-ambulance transportation always involves an intervening trip to the airport, because hospitals do not have runways for landing planes. If Highmark is correct that a trip to the airport transforms covered hospital-to-hospital transportation into uncovered hospital-to-airport-to-hospital transportation, then Highmark could deny coverage in every instance of fixed-wing air-ambulance transportation.

21. Accordingly, Highmark either misrepresented the coverage available when it asserted that fixed-wing air-ambulance transportation is a covered benefit, or manufactured a baseless rationale to deny Mary's claim.

22. The air-ambulance company then submitted a second appeal directly to Alcoa. But Alcoa upheld Highmark's claim denial without providing any explanation in support of its decision−failing even to specify which of Highmark's two competing rationales it upheld.

23. Getting nowhere with Alcoa or Highmark, the air-ambulance company (again on Mary's behalf) submitted a request for an independent external review.

24. Although both the Plan and Department of Labor regulations, 45 C.F.R. § 147.136 (c), (d), required Highmark to submit Mary's claim for external review, it failed to do so.

25. Instead, Highmark's response to the external review request was inscrutable: "[o]ur records indicate that the patient is entitled to one (1) level of appeal only to be handled by [Highmark's] Member Appeals Department . . . [i]n the decision letter, there were instructions on where to send a voluntary second level of appeal."

26. Highmark apparently construed the external review request as a request for an additional internal appeal. But the external review request was clearly marked as such (in all-

4

capital letters and red ink), and the air-ambulance company had already submitted a second-level appeal to the address referenced by Highmark.

27. Highmark's denial of Mary's claim and refusal to submit that claim for external review are straightforward violations of ERISA and the Plan's terms.

### COUNT I: Claim to Recover Benefits Due

28. Thomas Van Sumeren, as Executor of the Estate of Mary Van Sumeren incorporates and realleges the allegations of the preceding Paragraphs.

29. Thomas Van Sumeren, as Executor of the Estate of Mary Van Sumeren, is entitled under the terms of the Plan to receive payment for the ambulance services Mary received under 29 U.S.C. § 1132(a)(1)(B).

30. Thomas Van Sumeren, as Executor of the Estate of Mary Van Sumeren is entitled to recover his attorney's fees and costs under 29 U.S.C. § 1132(g)(1).

### COUNT II: Claim for External Review

31. Thomas Van Sumeren, as Executor of the Estate of Mary Van Sumeren incorporates and realleges the allegations of the preceding paragraphs.

32. In the alternative, under 29 U.S.C. § 1132(a)(3), Thomas Van Sumeren, as Executor of the Estate of Mary Van Sumeren is entitled to bring an action to enjoin any act or practice which violates ERISA or the terms of the Plan, or to obtain appropriate equitable relief to redress such violations, or to enforce ERISA or the terms of the Plan.

33. Thomas Van Sumeren, as Executor of the Estate of Mary Van Sumeren is entitled to external review of Mary's claim under both federal law and the terms of the Plan. 42 U.S.C. § 300gg-19(b); 29 U.S.C. § 1133; 45 C.F.R. § 147.136 (c), (d); 29 C.F.R. § 2560.503–1.

34.     Thomas Van Sumeren, as Executor of the Estate of Mary Van Sumeren is entitled to recover his attorney's fees and costs. 29 U.S.C. § 1132(g)(1).

WHEREFORE, Thomas Van Sumeren, as Executor of the Estate of Mary Van Sumeren seeks judgment in its favor and against the defendants, as follows:

A.      Payment of the amounts due under the Plan for the ambulance services Mary received;

B.      In the alternative, an order directing defendants to submit Mary's claim for external review that complies with 42 U.S.C. § 300gg-19(b); 29 U.S.C. § 1133; 45 C.F.R. § 147.136 (c), (d); 29 C.F.R. § 2560.503–1 and the terms of the Plan;

C.      Attorney's fees and costs of filing this action; and

D.      Any such other and further relief this Court determines is just and reasonable.

Dated:  December 7, 2017                     *s/ Tybe A. Brett*
                                              Tybe A. Brett, Esquire
                                              PA ID 30064
                                              Email: tbrett@fdpklaw.com

                                              **FEINSTEIN DOYLE PAYNE**
                                              **& KRAVEC, LLC**
                                              Law & Finance Building, Suite 1300
                                              429 Fourth Avenue
                                              Pittsburgh, PA 15219
                                              Ph.:  (412) 281-8400
                                              Fax: (412) 281-1007

                                              Eamon P. Kelly*
                                              Nathan A. Shev*
                                              SPERLING & SLATER, P.C.
                                              55 W. Monroe Street, Suite 3200
                                              Chicago, IL  60603
                                              T: (312) 641-3200
                                              F: (312) 641-6492
                                              Email: ekelly@sperling-law.com
                                              Email: nshev@sperling-law.com

Mark D. DeBofsky*
DEBOFSKY, SHERMAN & CASCIARI, P.C.
200 W. Madison Street, Suite 2670
Chicago, IL  60606
T: (312) 702-1842
F: (312) 929-0309
Email: mdebofsky@debofsky.com

*Attorneys for Thomas Van Sumeren*

*applications for admission *pro hac vice* to be filed